UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| PAT GITLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-459 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CLARK CLAWSON, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| | ) | |

This civil action, brought by a *pro se* plaintiff, involves a landlord-tenant dispute previously pending in the Mecosta County courts. Plaintiff initiated two actions in the Mecosta County Circuit Court (case nos. 05-33941-LT and 05-34351-LT) which named, among other defendants, the United States Department of Housing and Urban Development (HUD). By notice of removal filed June 29, 2006, HUD removed these actions to this court pursuant to 28 U.S.C. § 1442(a)(1), which allows removal of actions commenced in a state court against an agency of the United States.

After removal, this court referred the matter to United States Magistrate Judge Joseph G. Scoville for all pretrial purposes. HUD filed a motion to dismiss the claims against it on numerous grounds, including sovereign immunity and lack of jurisdiction. Magistrate Judge Scoville conducted a hearing on the motion on September 13, 2006, and thereafter issued a report and recommendation (docket # 43) recommending that the claims against HUD be dismissed for lack of subject-matter jurisdiction. The report and recommendation advised all parties of their

opportunity to file objections. Nevertheless, no party has objected, and the time for doing so under Fed. R. Civ. P. 72(b) has expired.

The court has reviewed the report and recommendation of the magistrate judge and concurs that the United States is immune from the claims asserted against it. The motion of defendant HUD to dismiss will therefore be granted, and that party will be dismissed from this action for lack of subject-matter jurisdiction. This court's examination of plaintiff's claims against the remaining defendants discloses that those claims all arise under state law and that there is no independent basis of jurisdiction, now that the federal defendant has been dismissed. The court will therefore exercise its discretion to remand all remaining claims to the Mecosta County Circuit Court under 28 U.S.C. § 1367(c)(3).

An order of dismissal and remand will enter forthwith.

Date:   October 13, 2006               /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE